**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**QUINTINA M. CARROLL**,

Plaintiff,

v. Case No: 8:26-cv-01357-WFJ-AAS

**C.G.I. FEDERAL INSPECTIONS, INC.**, *et al*,

Defendants.
_________________________________/

**ORDER**

Before the Court is *pro se* Plaintiff Quintina M. Carroll's Motion to Proceed *in forma pauperis* (the "IFP motion"). Dkt. 2. United States Magistrate Judge Amanda A. Sansone issued a report and recommendation ("R&R") that Plaintiff's IFP motion be denied, and that Plaintiff's Amended Complaint be dismissed without prejudice. Dkt. 11. Plaintiff filed an objection to the R&R. Dkt. 13.

"[I]n determining whether to accept, reject, or modify the magistrate's [R&R], the district court has the duty to conduct a careful and complete review." *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). If a party objects to an R&R, the district court must "make a *de novo* determination of those portions of the [R&R] to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C).

The Magistrate Judge previously took Plaintiff's IFP motion under advisement and ordered Plaintiff to file an amended complaint by June 18, 2026, that complied with the Federal Rules of Civil Procedure and stated a viable cause of action. Dkt. 3 at 5. The Magistrate Judge warned Plaintiff that the failure to timely do so could result in a recommendation of denial of the IFP motion. *Id.*

Plaintiff filed the amended complaint late on June 25, 2026, and as a result it was not entered on the docket until June 30, 2026. Dkt. 5. In the meantime, the Magistrate Judge filed an R&R on June 26, 2026, recommending that Plaintiff's IFP motion be denied and initial complaint be dismissed without prejudice because of Plaintiff's failure to timely file the amended complaint. Dkt. 4. This Court entered an endorsed order finding the R&R moot due to Plaintiff's untimely amended complaint and referring the IFP motion to the Magistrate Judge. Dkt. 6.

Upon review, the Magistrate Judge took Plaintiff's IFP motion under advisement and ordered Plaintiff to file a second amended complaint by August 21, 2026, that complied with the Federal Rules of Civil Procedure and stated a viable cause of action. Dkt. 7. The Magistrate Judge warned Plaintiff once more that the failure to timely do so could result in a recommendation of denial of the IFP motion. *Id.*

Once again, Plaintiff filed the second amended complaint late on August 24, 2026, and as a result it was not entered on the docket until 4:08 PM on August 26,

2026. Dkt. 12. In the meantime, the Magistrate Judge filed an R&R at 10:46 AM on August 26, 2026, recommending that Plaintiff's IFP motion be denied and amended complaint be dismissed without prejudice due to Plaintiff's failure to file the second amended complaint. Dkt. 11.

Plaintiff's reasons for failing to comply for the second time with the deadlines set by the Magistrate Judge in her opposition are unconvincing.

The Court notes, however, that even if it were to have instead elected to find the R&R to be moot due to Plaintiff's untimely second amended complaint and refer the IFP motion to the Magistrate Judge, the second amended complaint would have still ultimately needed to have been dismissed without prejudice.

To begin with, Plaintiff's second amended complaint fails to comply with the Federal Rules of Civil Procedure. The rules require a complaint to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). Additionally, if doing so would promote clarity, the rules also require each claim founded on a separate transaction or occurrence to be stated in a separate count. *Id.* Instead of separating its claims into numbered paragraphs, Plaintiff's second amended complaint merely lists all the Defendants' alleged wrongful conduct with regard to a variety of different matters and then states in a single section that the conduct described implicates numerous federal laws and constitutional protections. Dkt. 12 at 7–12. This type of conclusory

statement in a complaint does not clarify which alleged conduct supports which claim or which claim is brought against which of the defendants and therefore violates Rule 10(b). *See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

In addition, Plaintiff's second amended complaint fails to state a viable cause of action. Plaintiff is attempting to sue a government agency, a federal housing inspections contractor, the housing inspector, her apartment complex, the property manager, and a maintenance worker for violations of the Housing Act of 1937, the Americans with Disabilities Act, the Fair Housing Act, the Rehabilitation Act of 1973, Section 8 housing regulations, and the Fourteenth Amendment Due Process and Equal Protection Clauses. Dkt. 12 at 1–4. However, Plaintiff cannot bring claims under any of the laws she lists because she either fails to plead the sufficient facts necessary to establish a cause of action under the laws or the language of the laws themselves prohibit her from bringing a cause of action for the reasons she states in her second amended complaint.

First, Plaintiff fails to plead sufficient facts to establishing her status as a disabled person. In evaluating a complaint's sufficiency, a court must accept all well pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *See Franklin v. Curry*, 738 F.3d 1246, 1248 (11th Cir. 2013). A court, however, may not "afford [any] presumption of truth to legal conclusions and

recitations of the basic elements of a cause of action." *Id.* at 1248 n.1. As such, the Court cannot accept Plaintiff's conclusory allegations that she has a disability and that her requests for disability related accommodations were denied when she continues to fail to state what her alleged disability is and what specific disability related accommodations were allegedly denied. Dkt. 12 at 9.

Second, the laws Plaintiff lists prohibit her from bringing a cause of action to enforce housing quality standards. The Code of Federal Regulations explicitly precludes private enforcement actions against public housing agencies for violations of housing quality standards, *see* 24 C.F.R. § 982.407, and district courts in the Eleventh Circuit have rejected the existence of an implied federal warranty of habitability for Section 8 housing, meaning that tenants cannot bring federal claims based solely on poor housing conditions or a lack of habitability, *see, e.g., Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd.*, 792 F. Supp. 1566, 1574–76 (S.D. Fla. 1992). Additionally, in the absence of a federal right created by Congress, the implementing regulations of the Housing Act also do not create a right enforceable under § 1983. *See Lane v. Fort Walton Beach Hous. Auth.*, 518 F. App'x 904, 914–915 (11th Cir. 2013). Finally, the constitutional prohibitions against deprivations of property without due process of law apply only to government action, and identical deprivations by private parties are not subject to the same constitutional constraints. *See Jeffries v. Georgia Residential Fin. Auth.*, 503 F. Supp. 610, 613 (N.D. Ga.

1980), *adhered to*, 90 F.R.D. 62 (N.D. Ga. 1981), and *aff'd*, 678 F.2d 919 (11th Cir. 1982).

**CONCLUSION**

Having performed an independent review of the record, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 11, is **ADOPTED, CONFIRMED, and APPROVED** in all respects and made a part of this order.
2. Plaintiff's Motion to Proceed *in forma pauperis*, Dkt. 2, is **DENIED**.
3. Plaintiff's Amended Complaint, Dkt. 5, is **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Tampa, Florida, on September 15, 2026.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:

Plaintiff, *pro se*